IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| DAMOND PAUL-WILLIAM RATCLIFF, #0299484 | § | |
| | § | CIVIL ACTION NO. 6:20cv569 |
| VS. | § | |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner Damond Paul-William Ratcliff, a former prisoner currently confined within the Texas Department of Criminal Justice (TDCJ), filed this habeas action challenging an adverse parole determination. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the petition.

For reasons explained below, the Court recommends that the petition be denied, the case dismissed with prejudice, and that Petitioner be denied a certificate of appealability *sua sponte*.

**I. Petitioner's Petition**

Petitioner is "appealing a parole decision" stemming from his criminal conviction in Bexar, County, Texas. He explains that he was sentenced to five years' imprisonment on June 20, 2019, (Dkt. #1, pg. 2). Petitioner argues that that the function of a parole board is "not to continue reflecting on retroactive behavior but allowing the true basis of each entitlement eligible for the offender who[] has proved to be of good conduct." *Id.* at pg. 6. He seeks a court order compelling "the Texas Board of Parole to grant said offender" freedom upon parole. *Id.* at pg. 8.

**II. Standard of Review**

The role of federal courts in reviewing habeas petitions filed by state prisoners is exceedingly narrow. A prisoner seeking federal habeas corpus review must assert a violation of a

1

federal constitutional right; federal relief is unavailable to correct errors of state constitutional, statutory, or procedural law unless a federal issue is also present. *See Lowery v. Collins*, 988 F.2d 1364, 1367 (5th Cir. 1993); *see also Estelle v. McGuire*, 503 F.3d 408, 413 (5th Cir. 2007) ("We first note that 'federal habeas corpus relief does not lie for errors of state law.'") (internal citation omitted). When reviewing state proceedings, a federal court will not act as a "super state supreme court" to review error under state law. *Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007).

Federal habeas review of state court proceedings is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996.  Under AEDPA, which imposed several habeas corpus reforms, a petitioner who is in custody "pursuant to the judgment of a State court" is not entitled to federal habeas relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). AEDPA imposes a "highly deferential standard for evaluating state court rulings," which demands that federal courts give state court decisions "the benefit of the doubt." *See Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted); *see also Cardenas v. Stephens*, 820 F.3d 197, 201-02 (5th Cir. 2016) ("Federal review under the AEDPA is therefore highly deferential: The question is not whether we, in our independent judgment, believe that the state court reached the wrong result. Rather, we ask only whether the state court's judgment was so obviously incorrect as to be an objectively unreasonable resolution of the claim."). Given the high deferential standard, a state court's findings of fact are entitled to a presumption of correctness

2

and a petitioner can only overcome that burden through clear and convincing evidence. *Reed v. Quarterman*, 504 F.3d 465, 490 (5th Cir. 2007).

**III. Discussion and Analysis**

Petitioner habeas petition should be denied. There is no constitutional right to parole. It is well-settled that a state prisoner does not have a federal constitutional right to early release from a lawful sentence. *See Greenholtz v. Inmates of Neb. Penaland Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *Orellena v. Kyle*, 65 F.3d 29, 31-32 (1995); *Pohl v. Livingston*, 241 F. App'x 180, 181 (5th Cir. 2007) ("This court has determined that Texas law does not create a liberty interest in parole that is protected by the Due Process Clause.").

The decision to grant parole or deny parole is discretionary under Texas law, and the Texas parole statutes, both past and present, do not create any protected liberty interest that implicates constitutional considerations. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Allison v. Kyle*, 66 F.3d 71, 74 (5th Cir. 1995). While Petitioner indicates that may be eligible for parole, the refusal of the Texas Parole Board to grant him parole does not merit federal habeas relief. *See Bell v. Thaler*, 2013 WL 791607 *2 (N.D. Tex. March 1, 2013) ("Therefore, while a petitioner may be eligible for parole, the failure of the Board to grant parole does not merit federal habeas relief."); *see also Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir. 1981) ("We hold that the Texas Adult Probation, Parole and Mandatory Supervision Law does not create a protectible expectancy of release recognized by the Supreme Court in *Greenholtz*.") (internal citation omitted). Accordingly, because there is no federal constitutional right to release onto parole, Petitioner's petition is without merit. While Petitioner does not explain the adverse parole determination in

detail, to the extent he is challenging the Parole Board's decision not to grant him parole, his claim is meritless and should be dismissed.

### IV. Certificate of Appealability

A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, under 28 U.S.C. § 2253(c)(1), he must first obtain a certificate of appealability ("COA") from a circuit justice or judge. *Id.* Although Petitioner has not yet filed a notice of appeal, the court may address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck*, 137 S. Ct. 773 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural

ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)).

Here, Petitioner failed to present a substantial showing of a denial of a constitutional right or that the issues he has presented are debatable among jurists of reason. He also failed to demonstrate that a court could resolve the issues in a different manner or that questions exist warranting further proceedings. Accordingly, he is not entitled to a certificate of appealability.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the above-styled petition for a writ of habeas corpus be denied and that the case be dismissed, with prejudice.  It is further recommended that Petitioner be denied a certificate of appealability *sua sponte*.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 5th day of February, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE

5